IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK DOTY, et al.,** )  )   **Plaintiffs,** )  ) **v.** )  ) **CHINA MANUFACTURERS** ) **ALLIANCE LLC, et al.,** )  )   **Defendants.** ) | Case No. 2:20-CV-00154-CLM |

## MEMORANDUM OPINION

Patrick Doty ("Doty") and his wife Samantha, (collectively, the "Dotys"), are Alabama residents. Doty drives dump trucks for Alabama Wholesale Stone ("Wholesale Stone"), who buys its truck tires from an Alabama tire dealer, Westmoreland Tire Company ("Westmoreland") in Fort Payne. In April 2019, Doty crashed on an Alabama highway after the front left tire malfunctioned. The tire is a Double Coin RLB900+ 385/65R22.5 ("Subject Tire") manufactured by Shanghai Huayi Group Corporation Limited ("SHG"), a Chinese company. SHG sells the Subject Tire to U.S. tire dealers through its exclusive U.S. distributor, China Manufacturers Alliance, LLC ("CMA"). The Dotys sue both CMA and SHG.

SHG challenges this court's personal jurisdiction and seeks to dismiss all claims against it. *See* Doc. 57. Accepting as true all facts alleged in the Dotys'

Complaint (doc. 1), *see Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007), the court finds that it has personal jurisdiction over SHG. So the court will **deny** SHG's motion to dismiss.

## STANDARD OF REVIEW

The Dotys bear the burden of establishing a "prima facie case of jurisdiction" over the movant, non-resident defendant. *Morris v, SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1998) (internal citations omitted). First, the court accepts the facts alleged in the complaint as true. *S & Davis Intern., Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000). A prima facie case is established if the Dotys "present[] enough evidence to withstand a motion for directed verdict." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir. 2002). Assuming the Dotys establish a prima facie case, SHG can submit affidavits rebutting the Doty's evidence. *Meier*, 288 F.3d at 1269. If this happens, the burden shifts back to the Dotys unless those affidavits solely contain conclusory assertions. *Id*. If the Dotys' complaint and supporting evidence conflict with SHG's affidavits and declarations, the court must construe all reasonable inference in favor of the Dotys. *See id.*

# STATEMENT OF THE ALLEGED FACTS AND PROCEDURAL BACKGROUND

### 1. The Subject Tire Incident

Patrick Doty was severely injured in an April 2019 crash that resulted from a "tread belt separation and failure" in his front-left tire. Doty's employer, Wholesale Stone, owned the truck and submitted a claim to its insurer, Amerisure Mutual Insurance Company ("Amerisure"). Both the Dotys and Amerisure blame the Subject Tire for causing the wreck.

### 2. SHG and CMA

SHG is a Chinese company based in Shanghai, China. SHG's subsidiaries[1] make medium and heavy-duty truck tires, including the Subject Tire. SHG's subsidiaries sell the tires to CMA, who then sells them in the United States.

Westmoreland bought the Subject Tire from CMA in August 2017. CMA gave the Westmoreland order to SHG, who then manufactured the Subject Tire and shipped it to Fort Payne.

SHG indirectly owns roughly 52% of CMA but does not control it. That said, the two companies are co-dependent. CMA is the exclusive importer and marketer of Double Coin tires in the U.S. and operates www.doublecointires.com. The Double

---

[1] One of those subsidiaries, Double Coin Tyre Group, owns a controlling interest in CMA. But it is unclear how much of Double Coin Tyre Group that SHG owns.

3

Coin Trademark is owned by a subsidiary of SHG, but it lets CMA use the mark without a written agreement. SHG also appears as a "named insured" on CMA's general liability insurance policy in the U.S.

### 3. The lawsuit

The Dotys filed their complaint in early 2020. *See* Doc. 1. After they filed a second amended complaint (doc. 11), Amerisure intervened and filed its own complaint (doc. 18). Both complaints assert products liability claims, among others, against SHG and CMA for the Subject Tire.

## ANALYSIS

SHG challenges the court's personal jurisdiction. A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant to the same extent that [an Alabama] court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Alabama's long-arm statute lends jurisdiction over nonresidents to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir.2007); *see also* Ala. R. Civ. P. 4.2.

There are two types of personal jurisdiction: specific and general. The parties agree that general jurisdiction is not present here, so the court's task is to analyze specific jurisdiction.

The Eleventh Circuit applies a three-part test to see if jurisdiction offends due process. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018). First, the Dotys must establish that their claims "arise out of or relate to" SHG's contacts with the forum. Second, the Dotys must show that SHG "purposefully availed" itself within Alabama. *Id.* Collectively, the first two part are known as "minimum contacts." Third, the exercise of personal jurisdiction must not offend traditional notions of fair play and substantial justice. *Id.*

**I.   Minimum Contacts**

This question—and ultimately SHG's motion—boils down to whether the court finds that SHG shipped the Subject Tire to Alabama. Among other evidence, the Dotys have provided the following "bill of lading" that shows SHG (the "Shipper/Importer") shipped the Subject Tire from China to Fort Payne (the "place of delivery"):



Doc. 73-7 at 2. While SHG admits (solely for this motion) that it manufactured the Subject Tire, it maintains that it did not ship the tire to the United States, a contention it supports with the affidavits of Jin Xiaobo, the SHG International Trade Director; and the declaration of Walter Weller, a CMA Senior Vice President. *See* Docs. 57-1 and 57-2.

Having reviewed the submitted evidence[2], the court finds for the purpose of ruling on SHG's motion that SHG shipped the Subject Tire to Alabama. And that finding is enough to establish both elements of Minimum Contacts—*i.e.* "purposeful availment" and "relatedness."

---

[2] The court denies the motion to strike Jin Xiaobo's affidavit as moot. Doc. 59.

### A. Purposeful Availment

Sometimes, it's not so easy to determine whether placing a good into the "stream of commerce" satisfies the "purposeful availment" requirement because "the placement of a product into the stream of commerce, **without more**, is not an act of the defendant purposefully directed toward the forum State." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1548 (11th Cir. 1993) (quoting *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102 (1987)) (emphasis added). That rule invites the question: What is the requisite 'more'?

The 'more' here is the direct shipment of the tire to Alabama, to fill an order placed in Alabama. In a plurality opinion, the Supreme Court has said, "[a] defendant's placing goods into the stream of commerce 'with the expectation that they will be purchased by consumers in the forum State' may indicate purposeful availment." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (plurality opinion of Kennedy, J.) (quoting *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 298. (1980)). The evidence shows that SHG expected the Subject Tire would be purchased by a buyer in Alabama because (a) the order was placed in Alabama, so (b) SHG shipped the tire to Alabama. That's more than enough to show purposeful availment in Alabama.

### B. Relatedness

The Dotys' claims "arise out of or relate to" SHG's shipment of the Subject Tire to Fort Payne, Alabama. *Waite* 901 F.3d at 1313. SHG shipped the tire to Fort Payne to fill an order placed by Wholesale Stone, who in turn put the tire on the vehicle that Doty was driving when the tire allegedly failed. So the Dotys have established both elements of minimum contacts.

## II. Fair Play and Substantial Justice

Once the Dotys establish minimum contacts with Alabama, the burden shifts to SHG to "show that the imposition of jurisdiction in the forum is unreasonable." *Molina*, 207 F.3d at 1358. Factors relevant to this showing include: "(1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." *Id*. But SHG did not discuss fair play and substantial justice in its briefs. *See* Docs. 57 and 75. Instead, SHG hung its hat on minimum contacts: "[the Dotys] cannot meet either of the first two prongs, rendering the third prong moot." Doc. 57 at 14.

Because SHG makes no argument why the court exercising jurisdiction would violate fair play and substantial justice, SHG cannot meet its burden to show that the

8

court exercising jurisdiction would violate fair play and substantial justice. In other words, SHG has waived any argument on the third element.

* * *

Because the Dotys have shown minimum contacts, and SHG fails to show (or argue) a violation of fair play and substantial justice, the court has personal jurisdiction over SHG.

## CONCLUSION

For the reasons stated above, the court will **DENY** SHG's motion to dismiss (doc. 56). The Dotys' motion to strike (doc. 59) and motion to compel (doc. 70) are also **MOOT** by operation of this opinion. This court will enter a separate order carrying out this finding.

**DONE** on September 7, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE